IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DERRICK JACKSON,<br><br>　　　　　　　　Plaintiff<br>　　　VS.<br><br>GUY MOSTELLER,<br><br>　　　　　　　　Defendant | NO.  5:07-CV-311 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Currently before the court is defendant GUY MOSTELLER's MOTION FOR SUMMARY JUDGMENT. Tab #16.  This motion is supported by a brief, statement of undisputed material facts, several affidavits, and  numerous other exhibits.  Plaintiff DERRICK JACKSON has been directed to and has filed a response  to the defendants' motion.  Tab #20.

### LEGAL STANDARDS

#### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

**DISCUSSION**

In his COMPLAINT, plaintiff JACKSON contends that defendant GUY MOSTELLER, a deputy sheriff in the Jones County Sheriff's Department, violated his constitutional right of due process. Specifically, plaintiff JACKSON avers that, following his arrest and incarceration for the offense of identity fraud, he was granted bail, but the defendant refused to allow his representatives to post the bail. He further alleges that defendant MOSTELLER told his representatives that no bail had been set, thus making the plaintiff ineligible for release.

In response to these allegations, defendant MOSTELLER has filed the instant MOTION FOR SUMMARY JUDGMENT wherein he flatly denies the plaintiff's allegations. In support of this denial, the defendant has submitted an affidavit wherein he swears that he never prevented anyone from posting the plaintiff's bail but that he did explain to at least one professional bondsman that an investigative hold had been placed on the plaintiff by Special Agent LYMAN of the United States Secret Service which would prevent the plaintiff's release in the event that bail was posted. In addition, defendant MOSTELLER provided a copy of the request to hold the plaintiff sent by the Secret Service, as well as the affidavit of Agent LYMAN verifying and authenticating the same.

In his RESPONSE, plaintiff JACKSON complains that the defendant, *inter alia*, committed discovery abuses and conspired with the federal government to violate his constitutional rights in this and other cases. What the plaintiff did not do is put forth any substantive proof to persuade the court that there are material facts present in the case which must be presented to a jury for resolution.

Accordingly, since it appears that the defendant is entitled to judgment as a matter of law, **IT IS RECOMMENDED** that the defendant's MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Also pending before the court are plaintiffs MOTION FOR SANCTIONS (Tab #23), defendant's MOTION TO STRIKE (Tab #25) and plaintiff's MOTION TO AMEND (Tab #27). In view of the foregoing RECOMMENDATION, it is ORDERED that these motions be DENIED as MOOT.

SO ORDERED and RECOMMENDED this 6th day of FEBRUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE