**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DERRICK JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action** |
| | : | **No. 5:07-cv-311 (CAR)** |
| **v.** | : | |
| | : | |
| **GUY MOSTELLER,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| _____ | : | |

**ORDER ON THE RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the United States Magistrate Judge's Order and Recommendation that Defendant's Motion for Summary Judgment be granted. Plaintiff received the Recommendation on February 11, 2009, and filed an Objection on February 26, 2009. Although the Objection is untimely, the Court has reviewed it and has conducted a *de novo* review of the motion. Upon review of the arguments of the parties, including Plaintiff's unauthorized sur-reply of April 18, 2008, and of the evidentiary materials filed by the parties, the Court finds that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, the Recommendation (Doc. 28) is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**, and Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**.[1]

---

[1] The Magistrate Judge's Order and Recommendation also denied that Plaintiff's Motion for Sanctions (Doc. 23) and Motion to Amend (Doc. 27), as well as Defendant's Motion to Strike (Doc. 25). These orders concern pre-trial matters that are within the authority of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1) and need not be adopted by Order of the District Court. Furthermore, the Court agrees with the Order of the Magistrate Judge. Plaintiff is not entitled to sanctions against Defendant for failure to respond to discovery because the discovery requests in question were filed two days after the expiration of the discovery period. Plaintiff did not request an extension of the discovery period. The Motion to Amend, in which Plaintiff seeks to add Secret Service agent Derek Lyman as a defendant, was filed on December 1, 2008, ten months after the close of discovery.

1

Plaintiff contends in this case that Defendant Mosteller, an officer of the Jones County Sheriff's Office, violated Plaintiff's rights to due process and equal protection by falsely telling bail bondsmen that no bond had been set for Plaintiff and that Plaintiff was ineligible for release.  As the Recommendation explains, Plaintiff has failed to demonstrate an evidentiary basis for his contention. In response to the Motion for Summary Judgment, he has presented affidavits from his fiancé, his sister, and his brother, along with a letter from his attorney to the "National Action Network."  These documents provide only inadmissible hearsay regarding alleged statements by Mosteller to any bondsmen, and as such are insufficient to establish a genuine issue of material fact.  Even the hearsay statements that the documents do set forth in the documents fail to provide sufficient information for the Court to determine whether any violation of Plaintiff's rights has occurred.  In the absence of any genuine issue of material fact, Defendant is entitled to judgment as a matter of law.

It is SO ORDERED this 13th day of March, 2009.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

chw

---

Plaintiff has shown no reason why an amendment should be permitted at so late a date.  Defendant's Motion to Strike Plaintiff's sur-reply brief is moot.  Although Plaintiff's sur-reply is indeed unauthorized under the Court's Local Rules, the Court has read and considered it and finds it unpersuasive.